UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN ROZEWICZ,

Plaintiff,

-vs-

LIBERTY CAB,
LIBERTY MEDICAR, INC.
LIBERTY MEDICAR TRANSPORTATION, INC.
LIBERTY YELLOW CAB and
HASSANEEN ALEMARI,

Defendants.

24-CV-01091-MAV

DECISION & ORDER

For the reasons that follow, the Court finds that Defendants' motion to dismiss must be granted, and Plaintiff's complaint must be dismissed without prejudice.

## BACKGROUND

The following background is drawn from Plaintiff's complaint. ECF No. 1. The Court has accepted all factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

On November 12, 2024, Plaintiff filed the present action alleging negligence causing personal injuries. ECF No. 1. Plaintiff alleges that on April 25, 2022, he was involved in a motor vehicle accident in Erie County, New York with Defendant Hassaneen Alemari as Alemari was operating a vehicle registered to the remaining Defendants. *Id.* at 2.[1]

[1] The page numbers cited in this Decision and Order refer to the pagination inserted by the Court's CM/ECF system in the upper right-hand corner of the document.

Plaintiff's complaint claims this Court has diversity jurisdiction over the current action under 28 U.S.C. § 1332, as the amount in controversy exceeds seventy-five thousand dollars and Plaintiff's state of citizenship is different from the state of citizenship of the Defendants. *Id.* at 3. Plaintiff states in the complaint that he is "an individual and citizen of the State of Texas." *Id.* at 2.

On November 25, 2024, Defendants filed an answer to Plaintiff's complaint denying the allegations in the complaint and alleging affirmative defenses. ECF No. 8. The case was referred to Hon. Judge Michael Roemer to address all pretrial matters. ECF No. 9. Judge Roemer set a case management schedule requiring discovery to be completed by June 30, 2025. ECF No. 16.

On January 28, 2025, Plaintiff testified at deposition in the County of Niagara Supreme Court case of *Rozewicz v. Trinidad et al.* regarding the accident at issue in the current action. ECF No. 19-3.

On April 25, 2025, Defendants filed a motion to dismiss for lack of subject matter jurisdiction supported by several exhibits, including Plaintiff's testimony from his January 2025 deposition. ECF Nos. 19 through 19-4. On May 13, 2025, Plaintiff filed a response to Defendants' motion to dismiss in support of diversity jurisdiction supported by several exhibits, also including Plaintiff's testimony from the January 2025 deposition. ECF Nos. 22 through 22-3. Defendants further replied to Plaintiff's response refuting diversity jurisdiction. ECF No. 26. Subsequently, on May 13, 2025, Plaintiff filed a complaint in New York State Supreme Court, Erie County, to preserve the claims asserted in the present action. ECF No. 22-2.

## LEGAL STANDARDS

"The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard, except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Andrews v. Town of W. Seneca*, No. 21-CV-746-LJV, 2025 WL 959658, at *6 (W.D.N.Y. Mar. 31, 2025) (quoting *Makarova*, 201 F.3d at 113).

While the Court must generally accept the material allegations in the complaint as true, "[w]here jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony to determine whether jurisdiction exists." *Dukes v. N.Y.C. Emps' Ret. Sys.*, 361 F. Supp. 3d 358, 363 (S.D.N.Y. 2019). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d 110 at 113. "Although the court may 'consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue,' it 'may not rely on conclusory or hearsay statements contained in the affidavits.'" *Mercer v. Schriro*, 337 F. Supp. 3d 109, 122 (D. Conn. 2018) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

Federal courts are courts of "limited jurisdiction," which means that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court can typically adjudicate only three types of claims:

> (1) those that "aris[e] under the Constitution, laws, or treaties of the United States"—so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000—"diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution"—"supplemental jurisdiction" under 28 U.S.C. § 1367(a).

*Dor v. Google LLC*, No. 3:25-CV-01915 (SVN), 2026 WL 438112, at *2 (D. Conn. Feb. 13, 2026).

If "the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *Jones v. Free & Accepted Masons*, 685 F. Supp. 3d 148, 151 (W.D.N.Y. 2023) (collecting cases and quoting Fed. R. Civ. P. 12(h)(3)).

## DISCUSSION

Plaintiff alleges the Court has diversity jurisdiction over this matter because he is a citizen of the State of Texas, whereas Defendants are citizens of New York. ECF No. 1 at 2–3. Defendants, however, contest diversity based on Plaintiff's testimony in his January 2025 deposition in another case in which he admitted no intent to stay in Texas. ECF No. 19-1 at 1.

Here, Plaintiff's January 2025 deposition testimony falls outside of the pleadings. Plaintiff filed the instant complaint while he was living in Texas, on November 12, 2024. ECF No. 1. Plaintiff's deposition was taken several months later

in January 2025, in another–though related–case. ECF No. 19-3. The complaint did not and could not reference or attach the deposition as it had not yet occurred at the time the complaint was filed.

Defendants contend that Plaintiff's testimony at the deposition belies the allegation in the complaint that Plaintiff was a citizen of Texas when he filed the complaint. ECF No. 19 -1 at 1. Given this factual dispute between the allegation in Plaintiff's complaint and the statements in Plaintiff's testimony, the Court can rightfully consider the testimony when determining whether jurisdiction exists. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 419 F.3d 73, 80 (2d Cir. 2005) ("It is also well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint.")

Additionally, Plaintiff's January 2025 deposition testimony may be considered by the Court because it is excluded from hearsay pursuant to Federal Rule of Evidence 801(d)(2). *See* Fed. R. Evid. 801(d)(2) (relating to statements of party-opponents); *see also Walker v. Bellnier*, 146 F.4th 228, 260 n.58 (2d Cir. 2025) (The plaintiff's deposition was able to be considered because it "sets out statements that would be admissible in their current form under Federal Rule of Evidence 801(d)(2) . . . ."). The Court also notes that Plaintiff does not object to Defendants' use of Plaintiff's January 2025 deposition testimony.

To invoke a federal court's diversity jurisdiction, a party must establish that: (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs

or interest; and (2) there exists complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Here, because Plaintiff has not adequately alleged diversity of citizenship, he has failed to establish this Court's subject matter jurisdiction, warranting dismissal.

The principles for assessing diversity of citizenship under 28 U.S.C. § 1332(a) are well-settled:

> "Diversity jurisdiction exists only 'when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants.'" *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021) (quoting *Lawrence v. HHC TRS FP Portfolio, LLC*, No. 20-cv-4843, 2020 WL 6273946, at *1 (E.D.N.Y. Oct. 26, 2020)). "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quotations and citation omitted). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) . . . .

*Harkins v. Citizens Bank*, 744 F. Supp. 3d 268, 273 (W.D.N.Y. 2024).

For purposes of diversity jurisdiction, a person's citizenship is based upon his domicile, and a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See 250 Lake Ave. Assocs., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 338–41 (W.D.N.Y. 2017) (citing, *inter alia*, 28 U.S.C. § 1332(c)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. Of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

A party may have more than one residence, but only one domicile at a time. *Dukes*, 361 F. Supp. 3d at 367. "Where a party has more than one residence, courts should focus on where the party intends to remain." *Id.* Factors to be considered include "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment . . . ." *Chappell v. Deacon Commc'ns Corp.*, 863 F. Supp. 179, 181 (S.D.N.Y. 1994).

At the outset the Court notes that, Defendants do not dispute that at least one Defendant, Liberty Medicar Inc., is a New York corporation duly organized under and doing business in the State of New York. ECF No. 8 at 1. Defendants allege that Plaintiff never changed his domicile from New York to Texas, as evidenced by his testimony in the January 2025 deposition. ECF Nos. 19-1 at 1 and 19-3 at 4–6. Accordingly, Defendants allege, Plaintiff was at all times a citizen of New York and there is no diversity between the parties. ECF No. 19-1 at 1.

Here, Plaintiff has failed to establish that he changed his domicile from New York to Texas. Although Plaintiff was residing in Texas at the time of filing the complaint, in his deposition testimony regarding his residency status, Plaintiff stated the following:

> Q: Were you–how long have you been a New York State resident?
>
> A: My entire life outside of nine months from April 2022 until, not this past Friday the Friday before that. I moved back from Texas. . . .
>
> Q: Did you ever change residency to Texas, or?

> A: No, I have not. I wasn't sure if I was going to stay or not –
>
> Q. Okay.
>
> A: – and ended up –
>
> Q: You showed us a New York State driver's license for your ID, correct?
>
> A: Yes. I never changed it, the ID is correct for my current address. I never changed it when I moved down there. I was not committed to staying.

ECF No. 19-3 at 4–6.

Plaintiff also maintained his New York residence as his mailing address while living in Texas. ECF No. 22-1 at 3.

Plaintiff contends that although he did not own property in Texas or New York, he was employed in Texas as an Uber driver and at the time of the complaint he "had not yet formulated a plan to return to New York State." ECF No. 22 at 2. Plaintiff argues that this is sufficient to show that Texas was the "location he returned to when absent at the time of filing the complaint." *Id.*

"[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk*, F.3d at 54. "Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "An individual's domicile has changed when two factors are met: '(1) residence in a new domicile; and (2) the intention to remain there indefinitely.'" *Casel v. Erie Ins. Co.*, No. 17-CV-350-FPG, 2018 WL 1663257, at *1 (quoting *Palazzo*, 232 F.3d at 42).

Here, Plaintiff has not shown by a preponderance of the evidence that he was

domiciled in Texas when he filed the complaint. While Plaintiff changed residence to Texas and was employed there, he has not demonstrated his intent to remain in Texas. He never changed his New York mailing address or his New York State ID. Indeed, Plaintiff's own testimony is that he did not take these steps because he "was not committed to staying" in Texas. ECF No. 19-3 at 6.

In other words, Plaintiff has not shown by a preponderance of the evidence that he intended to remain in Texas and therefore maintained his New York domicile and citizenship. As Plaintiff was a citizen of New York at the time of filing the complaint and at least one Defendant is citizen of New York, there is a lack of diversity between the parties, and this Court does not have subject matter jurisdiction.

## CONCLUSION

For the reasons above, Defendants' motion to dismiss for lack of jurisdiction is granted, and Plaintiff's claims are dismissed without prejudice because Plaintiff has failed to demonstrate that this Court has diversity jurisdiction.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion to dismiss, ECF No. 19, is GRANTED; and it is further

ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for failure to demonstrate this Court has subject matter jurisdiction.

SO ORDERED.

Dated: October 19, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge